UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL CRAIG,

    Plaintiff,

v.                                         Case No.  8:16-cv-2970-T-24 AEP

TOTAL QUALITY LOGISTICS, LLC
and KENNETH OAKS,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion to Compel Arbitration and Stay Proceedings.  (Doc. No. 4).  Plaintiff opposes the motion (Doc. No. 10), and Defendants have filed a reply brief (Doc. No. 14).  As explained below, the motion is granted.

**I.  Background**

Plaintiff Michael Craig is a former employee of Total Quality Logistics, LLC ("TQL"). Plaintiff filed this action alleging Defendants—TQL and Kenneth Oaks—did not comply with the overtime requirements of the Fair Labor Standards Act ("FLSA") by failing to pay him overtime.  Kenneth Oaks is the president of TQL.  In his two-count complaint, Plaintiff alleges an FLSA overtime claim against each defendant.

**II.  Motion to Compel Arbitration and Stay Proceedings**

Defendants filed the instant motion, arguing the Court should compel arbitration and stay the proceedings pending arbitration, because Plaintiff's claims fall within the scope of the Dispute Resolution and Arbitration Agreement (the "Arbitration Agreement") entered into by Plaintiff and TQL.  In the Arbitration Agreement, Plaintiff agreed that all disputes and claims

between him and TQL, including all claims under the FLSA, shall be decided by binding arbitration in accordance with the rules and procedures of the Cincinnati Bar Association Arbitration Services ("CBAAS").

The Arbitration Agreement included the following statement regarding the arbitrator's authority: "The Arbitrator shall have authority to resolve disputes about discovery and how this Agreement was formed, applied, interpreted, or enforced." (Doc. 4-1, ¶ 4). The Arbitration Agreement also provides that it shall be interpreted and enforced according to the laws of the State of Ohio. (Doc. No. 4-1, ¶ 5).

Plaintiff opposes the motion and makes five arguments against compelling arbitration: (1) the Arbitration Agreement is unenforceable, because it failed to explicitly set forth the rules and procedures of the CBAAS that would govern the arbitration; (2) the Arbitration Agreement is unconscionable; (3) the Arbitration Agreement may conflict with the employee handbook; (4) the Arbitration Agreement is unenforceable by TQL, because TQL failed to comply with the first step of the dispute resolution process (mediation) set forth therein; and (5) Kenneth Oaks, as a non-party to the Arbitration Agreement, cannot compel Plaintiff to arbitrate his claim against Oaks. As explained below, these arguments are unavailing.

### A. Validity and Enforceability of the Arbitration Agreement

Plaintiff's first four arguments against compelling arbitration concern the validity and enforceability of the Arbitration Agreement. However, as Defendants point out, Plaintiff and TQL specifically agreed in the Arbitration Agreement that the arbitrator has the authority to resolve disputes about the enforceability of the Arbitration Agreement.

The case law on this topic is clear—courts should not simply assume that the parties

agreed to arbitrate arbitrability. See First Options of Chicago Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Instead, there must be clear and unmistakable evidence in the arbitration agreement that the parties agreed to arbitrate the issue of arbitrability. See id.; Martinez v. Carnival Corp., 744 F.3d 1240, 1246 (11th Cir. 2014).

State contract law governs the determination of whether the parties agreed to arbitrate the issue of arbitrability. See Parnell v. CashCall, Inc., 804 F.3d 1142, 1147 (11th Cir. 2015)(noting that the arbitration agreement provided that the laws of the Cheyene River Sioux Tribe governed the agreement, but because the parties failed to provide such law to the court, the court applied the forum state's law to determine whether the plain language of the agreement showed that the parties agreed to arbitrate the issue of arbitrability). In the instant case, the Arbitration Agreement states that it is governed by Ohio law, yet the parties both argue that Florida law applies. Because the application of Florida law and Ohio law lead to the same result, the Court need not resolve this choice of law issue.

Both Florida and Ohio employ the plain language rule of contract interpretation. See Hahamovitch v. Hahamovitch, 174 So. 3d 983, 986 (Fla. 2015); World Harvest Church v. Grange Mut. Cas. Co., 2016 WL 2754889, at *6 (Ohio 2016). As such, when the language of a contract is clear and unambiguous, the plain meaning of the language controls. In the instant case, the plain language of the Arbitration Agreement makes it clear that the parties agreed to arbitrate the issue of arbitrability, which encompasses the first four arguments that Plaintiff makes in opposition to the motion to compel arbitration.

Once a court determines that the parties agreed to arbitrate the issue of arbitrability, that delegation provision (delegating to the arbitrator the authority to decide issues of arbitrability)

must be enforced unless a party challenges that specific delegation provision directly. Stated differently, "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement [within the contract] to arbitrate" issues of arbitrability. Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 70 (2010). This is true even if the underlying contract is itself an arbitration agreement. See id. at 72. In this case, Plaintiff has not directly challenged the specific delegation provision, and as a result, the Court must defer ruling on Plaintiff's four arguments about the enforceability of the Arbitration Agreement itself, as those arguments are issues for the arbitrator to resolve. Accordingly, these arguments are a not a basis for this Court to deny Defendants' motion to compel arbitration.

### B. Enforceability of the Arbitration Agreement by Oaks

Plaintiff also argues that Kenneth Oaks, as a non-party to the Arbitration Agreement, cannot compel Plaintiff to arbitrate his claim against Oaks. This argument, however, disregards case law to the contrary.

In evaluating whether a non-party to a contract may enforce an arbitration provision against a party, federal courts must apply the applicable state law. Lawson v. Life of the S. Ins. Co., 648 F.3d 1166, 1170 (11th Cir. 2011) (citing Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630–31 (2009)). In Carlisle, the Court recognized that state law principles, such as estoppel and agency, can be used to allow a non-party to enforce a contract against a party to the contract. 556 U.S. at 631. Both Florida and Ohio recognize estoppel and agency principals as a means for allowing a non-party to compel arbitration against a party to an arbitration agreement. See Kolsky v. Jackson Square, LLC, 28 So. 3d 965, 969 (Fla. 3d DCA 2010)(estoppel); Qubty v.

Nagda, 817 So. 2d 952, 957–58 (Fla. 5th DCA 2002)(agency); I Sports v. IMG Worldwide, Inc., 813 N.E.2d 4, 8–9 (Ohio App. 8th Dist. 2004)(estoppel and agency).

Under both Ohio and Florida law, "[a]pplication of the doctrine of equitable estoppel is warranted when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract." Kolsky, 28 So. 3d at 969; see also I Sports, 813 N.E.2d at 8–9. In the instant case, Plaintiff alleges that Defendants failed to pay him overtime. Plaintiff's allegations against Oaks are intertwined with the allegations against TQL, since the FLSA claims arise from Plaintiff's employment at TQL, and both FLSA claims hinge on the same set of facts and allegations of nonpayment of overtime. In addition, the claim against Oaks is brought against him because he is the President of TQL. Thus, there are allegations of substantially interdependent and concerted misconduct by both the non-signatory (Oaks) and a signatory (TQL) to the Arbitration Agreement. As such, Oaks can compel Plaintiff to arbitrate his FLSA claim against Oaks.

Likewise, under both Ohio and Florida law, applications of agency principles allow a non-party to an arbitration agreement to compel arbitration against a party to the arbitration agreement when: (1) the non-party is an agent of a party to the arbitration agreement; and (2) evisceration of the underlying arbitration agreement between the parties thereto can only be avoided by permitting the non-party to compel arbitration of the claim against it. See I Sports, 813 N.E.2d at 11; Qubty, 817 So. 2d at 957–58. Allowing this case to proceed separately against Oaks outside of arbitration would effectively eviscerate the Arbitration Agreement, because the same issues, based on the same underlying facts, would have to be addressed against Oaks in

court and against TQL in arbitration. As such, this is another basis for allowing Oaks to compel Plaintiff to arbitrate his FLSA claim against Oaks.

### C. Staying the Case

In addition to seeking to compel Plaintiff to arbitrate his claims, Defendants ask the Court to stay this case pending arbitration. "Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration." <u>Bender v. A.G. Edwards & Sons, Inc.</u>, 971 F.2d 698, 699 (11th Cir, 1992). As such, this case will be stayed pending arbitration.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. No. 4) is **GRANTED**.

(2) Plaintiff is directed to submit his claims to arbitration pursuant to the parties' Dispute Resolution and Arbitration Agreement (Doc. No. 4-1).

(3) This case is **STAYED** pending the arbitration proceedings, and the Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

(4) Plaintiff is directed to file a status report on August 1, 2017 and every 30 days thereafter informing the Court of the status of the arbitration proceedings.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of January, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record